UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARTINNEZE MOORE,

                Petitioner,                Case No. 1:10-cv-473

v.                                                Honorable Janet T. Neff

CAROL R. HOWES,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Martinneze Moore presently is incarcerated at the Lakeland Correctional Facility. He currently is serving a prison term of 20 to 50 years, imposed by the Ingham County Circuit Court after Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317. Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, contending that he was deprived of due process when he was sentenced to a minimum term in excess of the promised 15 years that formed part of his plea agreement. He also argued that he was sentenced on the basis of facts neither admitted nor found by a jury, in violation of his Sixth and Fourteenth Amendment rights. The court of appeals denied leave to appeal on August 15, 2007, though one member of the panel indicated he would grant the delayed application for leave to appeal. Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

On or about September 8, 2008, Petitioner, through appellate counsel, filed a motion for relief from judgment in the Ingham County Circuit Court.[1] In his motion, Petitioner raised the same two issues raised before and rejected by the court of appeals on direct review. Petitioner argued that the ineffective assistance of appellate counsel[2] excused his failure to seek direct review in the Michigan Supreme Court. The trial court denied the motion for relief from judgment on January 16, 2009. (*See* 1/16/09 Cir. Ct. Op., docket #2-4.) Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied leave to

---

[1] Petitioner's motion and brief in support for relief from judgment, filed by his attorney, are dated September 8, 2008. (*See* App. B to Br. in Supp. of Pet., docket #2-3 at 3, 14.) For purposes of this report and recommendation, I have assumed that the motion was filed that same date.

[2] It is noteworthy that counsel for Petitioner on the motion for relief from judgment was the same attorney who represented Petitioner on his direct appeal and is the same attorney representing Petitioner in this proceeding.

appeal on the grounds that Petitioner had failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D). The supreme court issued its order denying leave to appeal on February 26, 2010.

Petitioner, through counsel, filed the instant petition on May 17, 2010, raising the first of the two issues presented to the Michigan appellate courts.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[3] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals, which denied leave to appeal on August 15, 2007. He did not, however, file an application for leave to appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003)

(holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255).  Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court.  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)).  Petitioner's conviction therefore became final on October 10, 2007.

Petitioner had one year from that date, or until October 10, 2008, to file his habeas application.  Petitioner filed on May 17, 2010.  Obviously, he filed more than one year after the time for direct review expired.  Thus, absent tolling, his application is time-barred.

As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007).  The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United Stated Supreme Court.  *Id.* at 332.  In the instant case, when Petitioner filed his motion for relief from judgment on September 8, 2010, 334 days of his one-year period of limitations already had expired.  When the Michigan Supreme Court denied his application for leave to appeal and the statute began to run again, Petitioner had only 31 days remaining in his limitations period.  His period of limitations therefore expired on Monday, March 29, 2010.  Petitioner did not file his habeas application until May 17, 2010, seven weeks after the expiration of the statute of limitations.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Further, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling. *See Allen*, 366 F.3d at 401 (6th Cir. 2004); *Jurado,* 337 F.3d at 644. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: June 30, 2010      /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).