UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTINNEZE MOORE,

    Petitioner,                            Case No. 1:10-cv-473

v                                              HON. JANET T. NEFF

CAROL R. HOWES,

    Respondent.
_____/

## **OPINION**

       This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court *sua sponte* dismiss the petition as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). The matter is presently before the Court on Petitioner's objections to the R & R (Dkt 4). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

       Petitioner argues that the Magistrate Judge erred in not including the 90-day period for seeking certiorari in the United States Supreme Court in tolling the limitations period (Dkt 4 at 1). Quoting 28 U.S.C. § 2244(d)(1)(A), the Magistrate Judge emphasized that "the time for filing a

1

petition pursuant to § 2254 runs from 'the date on which the judgment became final by the conclusion of direct review or *the expiration of time for seeking such review*'" (R & R at 4 [emphasis in original]). In deciding to not include the 90-day period, the Magistrate Judge relied on *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002), where the petitioner failed to file a direct appeal to the Sixth Circuit Court of Appeals and the Sixth Circuit held that the time for filing a petition therefore did not include the 90-day period for seeking certiorari in the United States Supreme Court because "there was no judgment by the court of appeals from which he could seek review and the 90-day period for filing a petition for writ of certiorari is not relevant."

Petitioner argues that the Magistrate Judge improperly relied upon the holding in *Cottage* because *Cottage* is factually distinguishable from his case (Dkt 4 at 1). While Petitioner accurately points out that his case concerns his plea-based state court conviction whereas *Cottage* concerns the United States District Court's denial of the defendant's motion for leave to file a supplemental petition to set aside his conviction under 28 U.S.C. § 2255, the factual difference is without effect. The 90-day period for filing a petition for writ of certiorari is similarly irrelevant here where there was no judgment by the Michigan Supreme Court from which Petitioner could seek review in the United States Supreme Court. *See also United States v. Clay,* 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under § 2244(d)(1)(A) and 2255).

Petitioner also attempts to raise, for the first time, a basis for justifying equitable tolling of the limitations period. Petitioner asserts that he did not file an application for leave to appeal with the Michigan Supreme Court because of an unspecified "clerical error" (Dkt 4 at 2). A petitioner seeking equitable tolling of the limitations period must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

2

*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner's unspecified "clerical error" does not provide a basis from which this Court could properly justify equitable tolling of the limitations period.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find debatable the Court's ruling that the habeas action is time-barred. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: August 27, 2010              /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge